OPINION
{¶ 1} Defendant-counterclaimant John Reed appeals a judgment of the Court of Common Pleas of Fairfield County, Ohio, entered in favor of plaintiff-counterclaim defendant John Smith in an action over a lease of real property. Appellant assigns three errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN FINDING THAT THE WRITTEN TERMS OF THE CONTRACT CONTROL WITH RESPECT TO THE CLAIMS AND DEFENSES OF PLAINTIFF AND DEFENDANT.
 {¶ 3} "II. THE TRIAL COURT ERRED IN DISMISSING DEFENDANT'S CLAIMS FOR LOST WAGES ON A LACK OF EVIDENCE.
 {¶ 4} "III. THE TRIAL COURT ERRED IN FINDING THAT OHIO REVISED CODE 5321 WAS INAPPLICABLE TO THE LEASE AGREEMENT BETWEEN PLAINTIFF AND DEFENDANT REGARDING THE DEPOSIT PAID BY DEFENDANT TO PLAINTIFF."
 {¶ 5} The trial court's April 7, 2005 journal entry sets forth the facts upon which the court based its decision. Appellant and appellee entered into a written lease for real estate consisting of a salvage yard, equipment, and offices known as 37 AUTOPARTS. In addition, the real estate included a mobile home which appellant used as a residence. The lease was for a term of one year, and provided appellee would lease the real estate and some equipment to appellant so appellant could operate a salvage business. The lease also allowed appellant to use a mobile home on the property as a residence.
 {¶ 6} The rent was set at $1200 per month beginning May 3, 2003, for the months of May, June and July, 2003. Beginning August 3, 2003, the rent was set to go up to $1500 per month. The contract provided for a late fee of 10% if appellee did not receive the rent by the tenth of each month. Appellee agreed to waive the first month's rent if appellant made certain improvements to the mobile home at his expense. The lease also required a deposit which would be non-refundable if appellant left before the one year term, or to cover any damage to the property. The contract called for the payment of the deposit in installments, with $500 due on the first of the month and $100 each month thereafter until $1500 accumulated.
 {¶ 7} The trial court found appellant made rental payments in less than the full amount due. The court found appellant paid a total of rent of $2,050, and $500 of the security deposit. Appellee argued appellant did not make all the required repairs, and therefore was not entitled to a waiver of the first month's rent. Appellant argued much of the equipment appellee left for use in running the business was in a state of disrepair or was totally worthless. The mobile home was in a state of disrepair.
 {¶ 8} Appellant was familiar with the salvage business since he had worked in the business most of his life, and in fact, appellant's family had sold this particular business to the appellee ten years earlier.
 {¶ 9} On or about January 6, 2004, appellee sent a Notice to Leave Premises and appellant moved from the property. After appellant vacated the property, there were approximately fifteen untitled vehicles remaining on the property, and appellee claimed he could not legally dispose of those vehicles.
 {¶ 10} The court found the written terms of the contract control, and appellant breached the contract by not paying rent. The court also denied appellant's claim for damages for loss of business. The court found Chapter 5321 of the Ohio Revised Code does not apply to the contract and appellant's claim for the $500 deposit was without merit. The court nevertheless offset the $500 from appellee's judgment.
 {¶ 11} The trial court found appellee was entitled to $11,700 gross, representing rent and late fees. The court deducted the rent deposit and payments appellant made, in the gross amount of $2,550, and awarded appellee $9,150.
 I. {¶ 12} In his first assignment of error, appellant argues the trial court was incorrect in finding the written terms of the lease controlled the parties' relationship, rather than the oral modifications appellant testified had been made to the contract.
 {¶ 13} Appellant testified he had assumed the business he was leasing had been an on-going venture, and from the outset there would be some sort of customer base. Instead, appellant testified there was no business listing in the telephone book, no customer base, and very little business. Appellant also testified much of the equipment was inoperable, and some not worth repairing.
 {¶ 14} Based upon this, appellant testified he informed appellee he believed he had been misled in the original agreement, and would not be able to earn enough money to support himself and his family and also pay the rent as called for in the lease. Appellant testified appellee agreed to work with appellant and accept whatever appellant felt he could afford to pay in rent.
 {¶ 15} Appellee testified although he accepted smaller amounts than the contract called for, he considered them only partial payments. Appellee did not produce any documentation showing he demanded the full amount of rent and/or late fees, but testified he had made verbal demands.
 {¶ 16} The trial court found the terms of the written contract controlled, and found appellant owed the full amount of each month's rent.
 {¶ 17} In C.E. Morris Company v. Foley Construction Company
(1978), 54 Ohio St. 2d 279, the Ohio Supreme Court held judgments supported by some competent and credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.
 {¶ 18} Here, the parties testified differently regarding the discussions they had regarding the lease. The trial court simply believed appellee's version, and this court may not substitute our judgment for that of the trier of fact, Seasons CoalCompany, Inc. v. City of Cleveland (1984), 10 Ohio St. 3d 77. The Seasons court held if the evidence is susceptible of more than one construction, a reviewing court must give it the interpretation which is consistent with the verdict and judgment, and must construe the evidence most favorably to sustaining the verdict and judgment, Id. at 80.
 {¶ 19} We find the trial court's judgment is supported by sufficient competent and credible evidence. The first assignment of error is overruled.
 II. {¶ 20} In his second assignment of error, appellant argues the court should have awarded him lost profits. Appellant argues appellee forced him to leave the business premises four months earlier than agreed, which prevented him from operating his business.
 {¶ 21} We find the evidence supports the trial court's finding appellant breached the contract by not paying rent, and hence, could not claim lost business profits.
 {¶ 22} The second assignment of error is overruled.
 III. {¶ 23} In his third assignment of error, appellant argues the court was incorrect in finding R.C. Title 5321 was inapplicable to the lease agreement between the parties regarding the refund of appellant's deposit and his claim for attorney fees.
 {¶ 24} Section 5321 applies to residential premises, which it defines as a dwelling unit for residential use and occupancy, and the structure of which it is a part, and the grounds, areas, and facilities for the use of tenants or the use of which is promised the tenant.
 {¶ 25} A review of the lease agreement is helpful. The lease defines the rented area: "rental property includes the office, yard, garage and equipment as is and the use of the name 37 AUTOPARTS, does include the mobile home. (sic) The lease sets forth the tenant's responsibilities as "the upkeep of rental yards and drives * * * minor upkeep of the rental property, such as light bulbs, blow fuses, clogged drains and broken windows, etc." The lease provides for sales tax, insurance on personal equipment and road vehicles, and licenses, and provides for dealing with salvage vehicles and equipment. Overall, it is clear the lease is primarily commercial and concerns the business, while the lease barely touches upon the mobile home. We agree with the trial court the agreement should be construed as a commercial lease.
 {¶ 26} The third assignment of error is overruled.
 {¶ 27} For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
By Gwin, J., Wise, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed. Costs to appellant.